## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD CONRAD,<br><br>　　　　　Plaintiff,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.; and Does 1-10, inclusive,<br><br>　　　　　Defendant(s). | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, DONALD CONRAD, by undersigned counsel, states as follows:

### JURISDICTION

1.　　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.　　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　　Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

### PARTIES

4.　　The Plaintiff, DONALD CONRAD ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.　　Defendant NCO FINANCIAL SYSTEMS, INC. ("NCO"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCO and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCO at all times acted by and through one or more of the Collectors (both parties collectively described hereinafter as "Defendants").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to Creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCO Engages in Harassment and Abusive Tactics

## FACTS

12. Plaintiff's mother, Betty Jane Conrad, began receiving phone calls from NCO within the twelve months prior to the filing of the instant action.

13. NCO was contacting Betty Jane Conrad regarding a debt allegedly owed by her son, the Plaintiff.

14. Betty Jane Conrad informed NCO that she did not wish to receive further

communications from NCO regarding the collection of the Debt, informing NCO that the Plaintiff does not live with her and cannot be reached at her number.

15. NCO continued to contact Betty Jane Conrad despite her requests that they cease calling her number.

16. NCO's calls have disrupted Plaintiff's and his family's ability to live in peace.

17. NCO's harassing calls to Plaintiff's mother have resulted in Plaintiff and his family expending time and resources to stop NCO's illegal collection activity.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### D. Respondeat Superior Liability

20. The acts and omissions of NCO, and the other debt collectors employed as agents by NCO were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

21. The acts and omissions by NCO and these other debt collectors were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by NCO in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, NCO and these other debt collectors were motivated to benefit their principal, Defendant NCO.

23. NCO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior

for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I

### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that the Defendants failed to identify itself, or failed to state that the Defendants were confirming or correcting collection information when Defendants contacted a third party in an attempt to collect a debt from the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants contacted a third party in an attempt to collect a debt from the Plaintiff.

27. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted a third party more than once without request or consent to do so in an attempt to collect a debt from the Plaintiff.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants engaged in communication with parties other than the Plaintiff, Plaintiff's attorney, or a credit bureau in an attempt to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged

in false, deceptive or misleading behavior in connection with the collection of a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

34. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

37. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of

5

action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

38. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

39. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

40. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

41. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

1. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 25, 2013

Respectfully submitted,

By /s/David H. Krieger, Esq.
David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
Attorney for Plaintiff
*DONALD CONRAD*

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEVADA      )
                     ) ss
COUNTY OF CLARK      )

Plaintiff DONALD CONRAD, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
DONALD CONRAD, Plaintiff